## Case No. 1,589.

### BOBYSHALL et al. v. OPPENHEIMER.

### SAME v. OPPENHEIMER et al.

[4 Wash. C. C. 317.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1822.

INSOLVENCY—DISCHARGE—ASSIGNMENT OF BAIL BOND—SATISFACTION OF BAIL BOND.

1. It the defendant be discharged under an insolvent law of the state where the contract is made, after the bail bond has been assigned to the plaintiff, the court will not order an exoneretur to be entered on the bail piece.

[Distinguished in Richardson v. M'Intyre, Case No. 11,789. Cited in Stockton v. Throgmorton, Id. 13,463.]

2. By the Pennsylvania practice, filing the declaration before the return of the writ is not a waiver of the bail. The English rule is otherwise, unless the declaration be filed de bene esse.

3. The undertaking of the appearance bail can be no otherwise fulfilled than by the defendant giving special bail, if so ruled, and that bail justifying, if excepted to.

4. If, instead of ruling the marshal to bring in the body of the defendant, the plaintiff accept an assignment of the bail bond, and bring a suit thereon, still the court will not fix the appearance bail if certain terms are complied with: one of which is the defendant's entering special bail.

[At law. Actions on a bail bond, by Bobyshall and Sower against Oppenheimer, and by the same as assignees of the marshal against Oppenheimer. For further proceedings, see Cases Nos. 1,590–1,592.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

The first of these cases came on upon a rule to show cause why an exoneretur should not be entered upon the bail piece; and the second, to show cause why the writ should not be dismissed with costs. The writ in the original suit issued in January last, and a bail bond to the marshal was executed in February by the parties mentioned in the second rule. Before the return day of the writ, the plaintiffs filed their declaration. On the 29th of May, the bail below entered themselves special bail, and the next day the plaintiffs filed exceptions to their sufficiency. The bail refused to justify, and on the 20th of June the plaintiffs accepted an assignment of the bail bond, and sued out process upon it against the original defendant and his appearance bail, returnable to the present term. On the 17th of October, after the commencement of the present term, the defendant, Oppenheimer, was discharged under the insolvent laws of this state.

In support of the first rule, it was insisted that, as the court will discharge on common bail, where the defendant has been discharged under the insolvent laws of the state where the contract was made, and was payable, which is the present case,—see Read v. Chapman [Case No. 11,605]; Campbell v. Claudius [Id. 2,356],—an exoneretur ought to be entered on the bail piece, where the discharge takes place after special bail is put in. But if not so, still the exoneretur ought to be entered, upon the ground that, by filing the declaration before the return day of the writ, the plaintiff waived the bail.

In support of the second rule, it was contended that it follows of course, if the first be made absolute; but if it should not, still the defendant, having entered, though he has not perfected, special bail, and the plaintiff not having lost a trial, the defendant now offering to confess judgment, he has sustained no inconvenience, and the court will not fix the appearance bail by permitting the suit to proceed upon the bail bond. If the plaintiffs were dissatisfied with the sufficiency of the appearance bail, they should have taken a rule upon the marshal to bring in the body, and not have accepted an assignment of the bail bond. Priestman v. Keyser, 4 Bin. 344; Union Bank of New York v. Kraft, 2 Serg. & R. 284; M'Farland v. Holmes, 5 Serg. & R. 50; Tidd, Pr. 235, 257.

On the other side, it was insisted that the cases cited from Pet. C. C. [Cases Nos. 2,356 and 11,605] do not apply; inasmuch as in those the privilege of the defendant to appear on common bail existed at the time when appearance bail was taken; whereas, in this case, the defendant was not discharged till after the assignment of the bail bond. It was denied that the filing of a declaration before the return day of the writ amounts to a waiver of the bail. Caton v. M'Carty, 2 Dall. [2 U. S.] 141.

As to the second rule, there is no ground for it: since the refusal of the bail to justi-

fy, the case stands in the same situation as if special bail had not been entered at all; and after the fraud practised upon the marshal by the appearance bail, by prevailing upon him to receive them as sufficient, which they afterwards refused to justify, they are not entitled to ask of the court to stay proceedings on the bail bond, much less to dismiss the writ with costs. Whart. Dig. 71.

Ewing and Peters, for plaintiff.
Phillips, for defendant.

WASHINGTON, Circuit Justice. The ground laid for the rule to enter an exoneretur on the bail piece is of the first impression in this court, and has certainly never, to my recollection, received its sanction. In the cases cited from Peter's Reports [supra] the person of the defendant having been discharged under an insolvent law of a state where the contract was made, and no new contract having been entered into, no objection existed why the defendant should not be permitted to appear on common bail, that being a matter resting in the discretion of the court. But after the assignment of the bail bond, by which the appearance bail became bound to the plaintiff that the defendant should appear to the suit, a subsequent discharge of the defendant under the insolvent law cannot affect the plaintiff's rights against the bail. If the insolvent law were to declare, in so many words, that such should be the effect of a discharge under it, I should question very seriously its validity; and clearly the court will not give it that effect by construction. The English practice I believe is, to consider the bail as waived, if the plaintiff declare against the defendant before the return of the writ, unless the declaration be filed de bene esse. But I understand that the practice of this state, prior to the institution of the courts of the United States, has been different, and it would be of mischievous consequence were we now to adopt a different rule.

As to the second rule. The undertaking of the bail to the marshal is, that the defendant shall appear at a certain day, which can be effected only by putting in and perfecting special bail, if special bail be required. If the bail, being excepted to, do not justify within the time limited by the rules of the court, they are out of court, and the bail bond is, strictly speaking, forfeited. After this the plaintiff has his choice of two remedies; either to accept an assignment of the bail bond, by which he discharges the marshal; or to rule that officer to bring in the body of the defendant, which if he fail to do, he renders himself liable to the plaintiff. If the former course is adopted, and a suit be brought upon the bail bond, the court, according to the English practice, will nevertheless stay proceedings on the bail bond, provided the plaintiff has not lost a trial, upon the defendant putting in and perfecting bail, paying the costs of the suit, receiving a declaration in the original action, pleading issuably, and taking short notice of trial, so that the cause may be tried at the same term. I understand the practice of this state to be the same. In this case, special bail having been put in, but not perfected, in consequence of the bail refusing to justify when excepted to, the bail bond is forfeited; in like manner as it would have been, if bail above had not been put in at all. The defendant has offered to confess judgment, which fully removes the objection that the plaintiff has been subjected to delay by the loss of a trial, as this is the first term at which a trial could have been had. He must, nevertheless, go further, and put in sufficient bail to entitle him to a stay of the proceedings on the bail bond. But at all events, the rule as it now stands, to dismiss the writ with costs, cannot be supported.

Both rules therefore must be discharged. 1 Tidd, Pr. 153, 143; 1 Bac. Abr. 339, 346; 7 Cowp. 71; 4 Bin. 344.